United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50657
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS DARRYL NORRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. A-00-CV-593-JN
A-98-CR-281-2-JN
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Curtis Darryl Norris was convicted of four charges related to the manufacture of methamphetamine. The district court sentenced him to 240 months in prison and ten years of supervised release. Norris filed an unsuccessful 28 U.S.C. § 2255 motion to challenge this conviction and sentence. Norris then moved this court for a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2255 motion.  He argued, inter alia, that counsel rendered ineffective assistance for failure to file a direct appeal.  This court granted his COA motion in part and vacated the underlying judgment of the district court that denied Norris' 28 U.S.C. § 2255 motion as to this claim.  This court determined that the district court "made insufficient findings on the controlling factual question, whether Norris requested counsel to file an appeal and whether counsel agreed to do so."  United States v. Norris, No. 01-50779 at 2 (5th Cir. Apr. 16, 2002).  This court thus remanded the case to the district court so that court could make further factual findings on this "controlling factual question."  Id.

The district court misunderstood this court's previous order.  Rather than making the appropriate factual findings, the district court incorporated the same magistrate judge's report that it had previously accepted and denied Norris a COA.  The magistrate judge's report on which the district court relied did not address the discrete issue delineated by the prior panel, "whether Norris requested counsel to file an appeal and whether counsel agreed to do so."  Id.

Norris again appears before this court.  He notes that it is unclear whether a COA is now needed, so he moves this court for a COA to the extent necessary.  He argues that this court should grant him relief on his ineffective assistance claim.  He alternatively argues that the district court made insufficient

findings on remand and that this court should remand to the district court for a second time so that the district court can make the requisite findings.  This case is before this court in an atypical procedural posture, and it is unclear whether COA is necessary in this case.  We need not, however, resolve this issue to dispose of this appeal.

Because the district court did not make the specific findings requested by this court, it is necessary to once again remand this case to that court for further findings "on the controlling factual question, whether Norris requested counsel to file an appeal and whether counsel agreed to do so."  Id. Accordingly, we order that this case be remanded to the district court for further findings on this specific issue.  As we noted before, if the district court finds that counsel agreed, after sentencing, to file a direct appeal, it has authority to grant 28 U.S.C. § 2255 relief if such relief is appropriate.  Norris' motion for a COA on this issue is granted to the extent necessary.  We decline to rule on the issue whether counsel rendered ineffective assistance.

COA GRANTED, TO EXTENT NECESSARY, ON ISSUE WHETHER DISTRICT COURT MADE SUFFICIENT FINDINGS; CASE REMANDED FOR FURTHER FACTUAL FINDINGS.